# CHARLESTON.

Brown *et al. v.* Grant *et al.*

Submitted September 11, 1886.—Decided November 20, 1886.

Guardian and Ward.

> Under the laws of this State a guardian, who has made disbursements for his ward in excess of the income of the ward's estate, cannot make the ward personally or his real estate liable for such disbursements.

*H. C. Flesher* for appellants.

No appearance for appellees.

Snyder, Judge:

Suit in equity brought July, 1883, in the circuit court of Jackson county by Cordelia Brown and her husband against Charles L. Grant and Okey C. Grant. The defendants, by their guardian *ad litem*, demurred to and answered the bill; the court overruled the demurrer and the answers were replied to generally, depositions were taken, a report ordered and filed by a commissioner; and on Nov. 8, 1884, the court entered a personal decree against the defendant, Charles L. Grant, for $412.31, and ordered the sale of his real estate to pay the same. From this decree said Charles L. Grant appealed.

The material averments of the bill are as follows: A tract of land of about 200 acres, lying in Jackson county, was devised by their father to the defendants, Charles L. and Okey C. Grant, jointly in fee, and they are still the owners thereof. In Sept., 1879, the female plaintiff, then a widow, was duly appointed guardian of said Charles L. Grant, then an infant about twelve years of age, and so continued to be and act as guardian until her marriage with the male plaintiff in the year 1883. While the female plaintiff was such guardian she expended for the care and maintenance of her said ward $456.64 in excess of the income of his estate; that he is still indebted to her as such guardian for that amount; and that he has no estate except his undivided moiety of the aforesaid 200 acres of land. The bill prays that the said land

may be partitioned and the moiety of said Charles L. Grant sold to pay said debt and costs of suit.

It is provided in sections 8 and 9 of chap. 149, Acts 1872-3, the statute in force in this State when the guardian in this case was appointed, that no disbursements shall be allowed to any guardian, where the deed or will under which the estate is devised does not authorize it, beyond the annual income of the ward's estate, except in certain specified cases; and these excepted cases simply provide, that the court may order the sale of such portions of the ward's *personal estate* as may be necessary to pay for disbursements made in such cases, or the court may sanction any sale previously made, which, if it had not been so made, the court at the time of allowing such disbursements would have ordered; "but neither the ward personally, nor his *real estate*, shall be liable for such disbursements." (Acts 1872-3, p. 482.)

By the 8th and 9th sections of chap. 82 of our amended code, the power of the court to sanction the sale of even the personal estate of the ward, where it had been made without the order of the court, is taken away; and it is provided in said 8th section that, "No credit shall be allowed the guardian in the settlement of his accounts for expenditures for his ward under this section, except for disbursements of the annual income of the ward's estate, and for such amounts as the said court shall have *first authorized* to be expended of his personal estate as hereinbefore provided." (Am'd Code, p. 585)

The bill in this cause avers that the ward had no personal estate and that the only estate he has is the moiety of the 200 acres of land sought to be sold to pay for advances alleged to be made by his guardian. These advances or disbursements were not made under any order of court, and there is no personal estate to pay them. By the express terms of the statute neither the ward personally nor his real estate is liable for said disbursements. (*Rinker* v. *Street*, 33 Gratt. 663; *Myers* v. *Wade*, 6 Rand. 444).

The fact that the ward has no personal estate, and that plaintiff seeks to subject his *real* estate appears upon the face of the bill; and inasmuch as the statute forbids the sale of the real estate for any such purpose, or any personal

decree against the ward, it is plain that the bill was demurrable and that the circuit court erred in overruling the demurrer thereto. The decree of the said court must therefore be reversed, the demurrer sustained and the bill dismissed.

REVERSED. DISMISSED.